JAMES I. DOWSETT and JOHN K. SUMNER *v.* JONA-
THAN SHAW, Tax Assessor, First Division.

APPEAL FROM TAX APPEAL COURT.

SUBMITTED JANUARY 12, 1897.    DECIDED FEBRUARY 13, 1897.

JUDD, C.J., WHITING, J., AND CIRCUIT JUDGE CARTER. IN PLACE
OF FREAR, J., DISQUALIFIED.

One undivided moiety of a valuable tract of land was leased by one
S., a tenant in common, at a certain sum per annum. The moiety
of the other tenant in common, D., was not leased but the entire
estate was in possession of the lessees, and rent was forgone by
the co-tenant D. in consideration of an option to purchase by the
lessees of the other tenant, S.

Held: that, for the purposes of taxation to the owners of the real
estate, the annual rental of the moiety not leased may be proper-
ly considered of the same value as that of the undivided moiety
under lease, and that the statutory method of fixing the valuation
of the whole land at eight times the annual rental, that is, double
that of the moiety leased, for eight years, is applicable to this case.

OPINION OF THE COURT BY JUDD, C.J.

This case comes to us by appeal by plaintiffs under Act 51
of the Laws of 1896, entitled the "Internal Tax Bill," from the
valuation of $88,000 placed by the Tax Appeal Court on the
real estate of plaintiffs situate in Honolulu, known as "Kahao-
hao," and the tract of land or reef covered or partly covered
by water known as "Kohololoa," being the premises confirmed
to William Sumner by Land Commission Award No. 153.
The plaintiffs returned the valuation of the property as

$44,000. Their case is this: a lease purporting to be of the whole of the property in question had been made, though the lessees know their lessor had title to but one undivided half. The annual rent reserved was $5500. The owner of the other undivided half had given the above named lessees an option to purchase his share for a large sum and in consideration forbore any rent while the option continued. The lessees were in possession of the whole estate and collected rents from subtenants. The plaintiffs contend that in fixing the value of the real estate the actual rental received for the whole estate is only that reserved under the lease of one-half and that, applying the statutory rule, the value of the whole should be eight times the annual rent reserved by the lease ($5500) or $44,000. The assessor claims that if a half interest, undivided, is worth $5500 a year, as shown by the plaintiffs' own indenture, the other undivided half is worth as much and therefore fixed value of the annual rental at twice $5500 or $11,000. Eight times this is $88,000 which was the valuation fixed by the assessor and affirmed by the Tax Appeal Court.

We consider the judgment appealed from correct and affirm the same, fixing the valuation of the estate in question for taxation purposes for the year 1896, at $88,000.

*C. Brown,* for plaintiffs.

*Thurston & Stanley,* for the assessor.